Exhibit O

**Paquin, Rachel R.**

| | |
|---|---|
| **From:** | Moran, Kevin A. |
| **Sent:** | Friday, January 14, 2000 10:06 AM |
| **To:** | Paquin, Rachel R. |
| **Subject:** | FW: Friday floor duty |

**Importance:** Low

fyi

-----Original Message-----
| | |
|---|---|
| **From:** | Ungerleider, Linda |
| **Sent:** | Thursday, January 13, 2000 8:09 AM |
| **To:** | Moran, Kevin A.; Moran, Kevin A. |
| **Subject:** | Friday floor duty |
| **Importance:** | Low |

I will be unable to do floor duty on Friday and will be going to the Doctor on Monday to see about returning to work.  I am out for by neck and back; I had a sore throat and earache but primarily do to b ack and neck pain and extremely rapid heart rate which the Cardiologist will hopefully determine cause.

Linda Ungerleider/Shelton
1-800-528-0745 ext. 3003

1

FMG 00122

Exhibit P

*Fax to*
*Rachel Vegum*

March 2, 2000

To:    Kevin Moran
From: Linda Ungerleider
Re:    Jonathan Buckens

Since you will undoubtedly have to discuss the above referred with Fleet Branch personnel, in addition to the information I left with you today, and after learning from you that the customer felt there was a lack of communication and unprofessional comments I wish to add to my side of the situation:

1.  It appears that this customer is a proud man and much accomplished and probably has a hard time admitting that he hadn't sold his home on his own as he had indicated to me at time of application very proudly.  He hopefully would recall however, that the Saturday morning that I met with him in the Orange branch, that I politely looked at his 3 rolls of film proudly displaying "his pretty blond wife that he met in a personal ad, many pictures of their adorable little two year old girl that they adopted from Russia and the trials and tribulations of the adoption proceedings and how he almost had to fly back home; about his own two children, many pictures of his new home that he was buying and even different angle shots of the marble or tile jacuzzi in the master bath as well as the big kitchen with white cabinets and hardwood floors etc."  Like I said, I politely listened that Saturday at everything as well as being told that I could leave any message I had to with his secretary if he was not available.

2.  Having been in real estate and banking sales for 25 years now, I am perplexed at The comment that it was unprofessional to speak about his wife helping him out which I said after he was ranting that "he didn't know how he was suppose to do everything, his Russia trips for Business, run the business, pack up everything for the move, buy things for the new home etc."  He caused himself the stress of trying to do everything in less than 30 days and I was kindly suggesting and innocently suggesting that maybe his wife could help him and I even offered to help if I could."  Murphy's Law....be a nice person and what does it get you.  Call him all back all hours of the day and nite and for what!!!
The only thing that I might not be aware of since it is customary that husbands and wives help each other do errands etc. is perhaps he comes from somewhere where it would be an insult to ask a woman.  I just don't know but it was certainly innocent and trying to be helpful.

Please share this information which really shows the relationship I had developed I thought with the applicant.

Linda

FMG 00145

Exhibit Q

**Paquin, Rachel R.**

| | |
|---|---|
| From: | Moran, Kevin A. |
| Sent: | Tuesday, March 21, 2000 1:02 PM |
| To: | Mclendon, Laura C. |
| Cc: | Paquin, Rachel R. |
| Subject: | RE: Linda Ungerleider |

We will need to order one. Can you get a tentative time frame as at this point I need to confirm that that HR and our disability area agree to this accomodation.

Kevin

-----Original Message-----
| | |
|---|---|
| From: | Mclendon, Laura C. |
| Sent: | Tuesday, March 21, 2000 12:52 PM |
| To: | Moran, Kevin A. |
| Subject: | RE: Linda Ungerleider |
| Importance: | Low |

Do you have a desktop, or do we have to order one?

Once you tell me this I will then contact CTO and see how long this will take.

Laura

-----Original Message-----
| | |
|---|---|
| From: | Moran, Kevin A. |
| Sent: | Tuesday, March 21, 2000 12:24 PM |
| To: | Mclendon, Laura C. |
| Cc: | Paquin, Rachel R. |
| Subject: | FW: Linda Ungerleider |
| Importance: | Low |

Laura,

Desktop with dial up would be the way we would pursue this. Bank branch has analog line for dial up. How long would this take to implement?

Kevin Moran

-----Original Message-----
| | |
|---|---|
| From: | DeSalvo, Frances M. |
| Sent: | Tuesday, March 21, 2000 11:09 AM |
| To: | Moran, Kevin A. |
| Subject: | FW: Linda Ungerleider |
| Importance: | Low |

-----Original Message-----
| | |
|---|---|
| From: | Mclendon, Laura C. |
| Sent: | Tuesday, March 21, 2000 10:39 AM |
| To: | DeSalvo, Frances M. |
| Subject: | RE: Linda Ungerleider |
| Importance: | Low |

Yes: I finally got some information yesterday. I am enclosing the information I got from CTO. Please review this and let me know.

I am OK, assuming they have permission from the bank. I am also assuming that this is not a co-located mortgage site. We of course would not be able to put a Fleet issued laptop/desktop on the Bank's network. I would not be opposed of her having a dial-up solution whether it be a laptop or a desktop.

As far as cost goes, the standard desktop bundle would be more economical. At a price of $2,400 (monitor, keyboard, etc.), it would be less expensive than purchasing another laptop.

Fran: Can you read the underlined items and let me know the answers on this. Then we can determine finally if we can do this.

1

FMG 00148

Let me know.

Laura

-----Original Message-----
From:       DeSalvo, Frances M.
Sent:       Tuesday, March 21, 2000 10:35 AM
To:         Mclendon, Laura C.
Cc:         Moran, Kevin A.
Subject:    FW: Linda Ungerlelder
Importance: Low

Laura,   Do you have any information on the status of this request?  Thanks,  Fran

-----Original Message-----
From:       DeSalvo, Frances M.
Sent:       Thursday, March 16, 2000 11:32 AM
To:         Mclendon, Laura C.
Cc:         Moran, Kevin A.; Ungerlelder, Linda
Subject:    Linda Ungerlelder
Importance: Low

Hi Laura,   The above mentioned Loan Officer has been out on a LOA due to a back problem.  We are looking to equip Linda with a Desktop Computer to be housed in the Orange Branch of Fleet Bank (445 Boston Post Road, Orange, CT).  Linda will use her laptop in her home, also in Orange, CT.  Can you let us know if this is feasible and what the cost will be to outfit the branch with the necessary hook ups.  Any questions please let me know.   Thanks, Fran.

2

**FMG 00149**

Paquin, Rachel R.

| | |
|---|---|
| From: | Moran, Kevin A. |
| Sent: | Wednesday, March 22, 2000 11:28 AM |
| To: | Paquin, Rachel R. |
| Subject: | FW: Linda Ungerleider |
| | |
| Importance: | Low |

-----Original Message-----

| | |
|---|---|
| From: | Mclendon, Laura C. |
| Sent: | Tuesday, March 21, 2000 4:02 PM |
| To: | Moran, Kevin A. |
| Subject: | RE: Linda Ungerleider |
| Importance: | Low |

Kevin:

It will take about (3) weeks to get the desktop in house and get in configured for Linda. Then we will have to ship it to the branch and have some there that we can talk through setting it up, or we can hire a contractor to do this. All in all it will take about (1) month to make this happen.

Let me know what you would like to do.

Laura

-----Original Message-----

| | |
|---|---|
| From: | Moran, Kevin A. |
| Sent: | Tuesday, March 21, 2000 12:24 PM |
| To: | Mclendon, Laura C. |
| Cc: | Paquin, Rachel R. |
| Subject: | FW: Linda Ungerleider |
| Importance: | Low |

Laura,

Desktop with dial up would be the way we would pursue this. Bank branch has analog line for dial up. How long would this take to implement?

Kevin Moran

-----Original Message-----

| | |
|---|---|
| From: | DeSalvo, Frances M. |
| Sent: | Tuesday, March 21, 2000 11:09 AM |
| To: | Moran, Kevin A. |
| Subject: | FW: Linda Ungerleider |
| Importance: | Low |

-----Original Message-----

| | |
|---|---|
| From: | Mclendon, Laura C. |
| Sent: | Tuesday, March 21, 2000 10:39 AM |
| To: | DeSalvo, Frances M. |
| Subject: | RE: Linda Ungerleider |
| Importance: | Low |

Yes: I finally got some information yesterday. I am enclosing the information I got from CTO. Please review this and let me know.

I am OK, assuming they have permission from the bank. I am also assuming that this is not a co-located mortgage site. We of course would not be able to put a Fleet issued laptop/desktop on the Bank's network. I would not be opposed of her having a dial-up solution whether it be a laptop or a desktop.

As far as cost goes, the standard desktop bundle would be more economical. At a price of $2,400 (monitor, keyboard,

1

FMG 00150

etc.), it would be less expensive than purchasing another laptop.

Fran:  Can you read the underlined items and let me know the answers on this.  Then we can determine finally if we can do this.

Let me know.

Laura

-----Original Message-----
From:           DeSalvo, Frances M.
Sent:           Tuesday, March 21, 2000 10:35 AM
To:             Mclendon, Laura C.
Cc:             Moran, Kevin A.
Subject:        FW: Linda Ungerleider
Importance:     Low

Laura,    Do you have any information on the status of this request?  Thanks,   Fran

-----Original Message-----
From:           DeSalvo, Frances M.
Sent:           Thursday, March 16, 2000 11:32 AM
To:             Mclendon, Laura C.
Cc:             Moran, Kevin A.; Ungerleider, Linda
Subject:        Linda Ungerleider
Importance:     Low

HI Laura,    The above mentioned Loan Officer has been out on a LOA due to a back problem.  We are looking to equip Linda with a Desktop Computer to be housed in the Orange Branch of Fleet Bank (445 Boston Post Road, Orange, CT). Linda will use her laptop in her home, also in Orange, CT.  Can you let us know if this is feasible and what the cost will be to outfit the branch with the necessary hook ups.  Any questions please let me know.   Thanks,   Fran

2

FMG 00151

Exhibit R

04/05/00
04/05/00    13:05    01 → 203 925 1247    910604095090    GRET CLIFFORD    ☑001

NO.007    D01

**Fleet Mortgage**          **Two Trap Falls Road, Suite 202, Shelton, CT 06484**

# FAX



Date: 4-5-00

No. of pages including coversheet 2

| To: Kevin / Rachael | From: | **Linda Ungerleider** |
|---|---|---|
| Rachel Paquin | Phone #: | 203-925-0022 |
| HR | Fax #: | 203-929-5496 |
| Fax: | | |

Remarks: ✓  Urgent  __  For your review  __  Reply ASAP  __  Please comment

① Start date Monday if HR
   approves this date?

② The letter from Medical Doctor
   + Chiropractor accept home office
   to keep laptop in deal position as
   alternative ~~honored~~, hopefully, a PC
   is available at a future
   date

FMG 00158

Exhibit S

Fleet Financial Group

## FORMAL COUNSEL

To:
Employee Name: _Linda Ungerleider_
Branch/Dept.: _Seymour-mtg_    Title: _Loan Officer_

Please check appropriate step:    Counsel - Step #2 ☑    Reprimand - Step #3 ☐

| | |
|---|---|
| Manager completes this section indicating current incident(s). | Reason for Formal Counsel/Reprimand:<br>_Unprofessional Conduct_<br>○ _Confrontation with branch staff_<br>_(Orange branch)_<br><br>○ _Loan Quality_<br><br>○ _Meeting attendance_<br><br>Manager's signature: _____ Date: _____ |
| Manager lists previous discussions regarding similar incident(s). | Manager: _Kevin Moran_ _____ Date: _____<br>Incident:<br>_Confrontations with branch staff or_<br>_in bank branches_<br>○ _Sandra Ruff - Milford branch_<br>○ _Carmella - Milford branch_<br>○ _Richard Evans - Orange branch_<br>○ _Manager_<br><br>Manager: _____ Date: _____<br>Incident: |

Your performance must show immediate and sustained improvement or further action will be taken which could include termination of your employment.
*******************************************************************
I acknowledge that the above information has been discussed with me. _Employee_
_never returned_
Employee signature: _Employee did not_    _originals_
_sign - however this_    Date: _____ _nher on 4.10 and she commented_
My comments are as follows: (please continue on a separate sheet if necessary) _was discussed w/_
_____ _See attached_ _____
_____
_____
_____

Please see over for Action Plan    FMG 00326

*Fleet Financial Group*

## DEVELOPMENTAL ACTION PLAN

---

**Manager – Detail below the specific action(s) to be taken for improved performance:**

Action(s):

- Fully Adhere to FBF code of ethics and professional Standards in all communications with internal and external customers.

- Electronic and paper applications must fully adhere to company quality standards.

- Employee is to attend all required meetings and training sessions on date scheduled.

- Employee is to provide coverage for scheduled floor time unless employee has made arrangements for substitute and communicated so to manager and PA.

---

Employee comments: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

The above action plan has been fully discussed with me. I understand that failure to show immediate and sustained improvement will necessitate further action up to and including termination of my employment.

Employee signature: _____    Date: _____

---

**PLEASE RETURN THIS FORM TO YOUR LOCAL HUMAN RESOURCES DEPARTMENT**

FMG 00327

Exhibit T

**Paquin, Rachel R.**

From:             Moran, Kevin A.
Sent:             Tuesday, April 11, 2000 2:41 PM
To:               Paquin, Rachel R.
Subject:          FW: orange branch

Importance:       Low


-----Original Message-----
From:             Ungerleider, Linda
Sent:             Tuesday, April 11, 2000 8:01 AM
To:               Moran, Kevin A.; Moran, Kevin A.
Subject:          orange branch
Importance:       Low

kevin: I left several messages already my first day back with this aggravation unnecessary and I have been up all night very sick from it.

I thought of a probable reason that Barbara Tartaglia is upset with me for the real reason. When she first came over to the orange branch, she asked to speak with my about refinancing her investment property. She was not happy about the I.5 points for investment that she would be paying. She made it a point the very first day that she called in and refinanced the firstg day and she did not get charged the extra I.5 for her investment property. I know that this can be documented. That has to be the reason that must have been eating away at her about me all this time. I DID NOT HAVE ANY UNPROFESSIONAL ALTERCFATION WITH HER IN THAT BRANCH AT ANY TIME. I HAVE BRANCH PERSONNEL THAT WILL SERVE AS WITNESSES TO ME IN PARTICULAR JOAN WHO IS RETIRING ON THE 26TH OF APRIL AND GOING TO PEOPLES WHO IS THE SRC WHO WORKS NEXT TO BARBARA AND IS LEAVING BECVAUSEE OF HER AND CINDY. ALSO, PHLYIS ROMANOFF AND JEAN VERSHUP REASON FOR LEAVING COMPANY AFTER OVER I5 YEARS WITH FLEET. THEY LEFT SOON AFTER BARBARA AND CINDY CAME OVER. THEY WILL SERVE AS WITNESSES. I CANNOT LOSE A JOB, I CANNOT LOSE MY HOMETOWN BRANCH OFFICE WITHOUT YOU GOING TO BAT WITH ME AT A MEETING HELD WITH CINDY TO SEE IF SHE AGREES THAT THIS COULD BE THE OUTLINING PROBLEM AND THAT WE CAN TRY TO WORK IT OUT AS ALL OF THE OTHER PEOPLE IN THAT BRANCH LIKE ME, LIKE WORKING WITH ME AND I AM TOTALLY CONFIDENT THAT IF THEY WERE INDIVIDUALLY SURVEYED THIS WOULD HOLD TRUE.

REGARDING THE COUNCELING LETTER YOU GAVE ME. YOU MENTIONED MEETINGS AND TRAINING THAT I DID NOT ATTEND. WHEN ARE THEY? ARE YOU REFERRING TO THE COMPUTER TRAINING THAT I MISSED WHEN I WAS OUT ON DISABILITY? ARE YOU REFERRING TO THE MEETINGS AND FHA TRAINING THAT I ASKED IF I COULD STILL ATTEND WHILE OUT ON DISABILITY BUT WAS TOLD I CANNOT COME INTO THE OFFICE BECAUSE FLEET WOULD BE LIABLE AND WOULD NOT PERMIT IT?

REGARDING INCOMPLETE APPLICATIONS AND IN A TIMELY WAY. I HAVE AGAIN NOT BEEN ABLE TO UPLOAD COMPLETE FOLDERS DUE TO THE CBC NOT MERGING. I HAVE BEEN ABLE TO DO STAND ALONE CREDITS WITH NO PROBLEM. THE HELP DESK IS FULLY DOCUMENTED TO EVERY LOAN THAT I HAVE TAKEN SINCE GETTING THIS LAP TOP AND ARE DOCUMENTED THAT THIS WAS NOT THE ERROR OF THE LO BUT THE ERROR OF EITHER CBC NOT UNPACKING (last nite they had I2 loan officers unable to complete apps re. Roger) OR IT IS DUE TO THE LAP TOP TECHNIAL ERROR AND THEY SAID THAT THEY WILL GO TO BAT FOR ME ON THIS ISSUE AND NEED TO GET MY LAP TOP BACK TO WORK ON THE PROBLEM AT THIS POINT.

REGARDING UNPROFESSIONALISM IN THE WORKPLACE. I CAN DOCUMENT THE OPPOSITE WITH NUMEROUS LETTERS OF RECOMMENDATION AND REFERRAL FROM PEOPLE IN THE LAST SIX YEARS IN WHICH I HAVE KEPT ALL THEIR LETTERS AND KIND NOTES.

I AM ASSUMING THAT THE COMPLAINTS YOU PLACE ON MY HARD WORKING, CONSCIENTIOUS ATTEMPT TO BE A GOOD EMPLOYEE CAN OTHERWISE BE DOCUMENTED THAT I CAN SEE THE MISSED FLOOR TIME, MEETINGS, AND SPECIFICS ON THE COMPLAINTS YOU REFER TO.

AS I SAID REGARDING THE ORANGE BRANCH, I AM RESPECTED AND NOTED BOTH SOCIALLY AND POLITICALLY AND INVOLVED IN NUMEROUS COMMITTEES AND COMMISSIONS FOR OVER 25 YEARS AND THE REALTORSEXPECT ME TO BE IN THE ORANGE OFFICE WHEN REFERRING CUSTOMERS TO ME.
Linda Ungerleider/Shelton
1-800-528-0745 ext.

1

FMG 00162

Exhibit U

## INTEROFFICE MEMORANDUM

**TO:**  LINDA UNGERLEIDER

**FROM:**  KEVIN MORAN

**SUBJECT:**  ORANGE BRANCH

**DATE:**  04/14/00

**CC:**  RACHEL PAQUIN

I have had an opportunity to speak with Cindi Norris of the Orange branch regarding her request that you no longer cover her office. I explained your concerns over this issue and requested that she reconsider her request to allow you a chance to repair your relationship. Unfortunately, she feels that the relationship is beyond repair and has no wish to re-consider this matter. I must therefore stand by my decision to remove this branch from your list of assigned branches. I must also advise that you not pursue this issue with Cindi or her staff. Any further communication with the branch regarding this matter would be harmful to Fleet Mortgage and our relationship with Fleet Bank and could be considered an act of retaliation, a violation of our code of ethics. I am sympathetic to your concerns over this however, the matter is considered closed. Your current branch assignments consist of the following: Amity, Huntington, Post Center, Milford Green, Trap Falls and the Trumbull branch. This provides you with an excellent opportunity for business development. I look forward to putting this issue behind us and look forward to your being successful in your relationship with Fleet Mortgage.

FMG 00167

Exhibit V

# MEMORANDUM

Memo To:        Linda Ungerleider

From:           Kevin Moran

Date:           April 14, 2000

Re:             Orange Branch

*****************************************************************************************

Linda, regarding your comments to your written warning given to you on April 10, 2000:  I would like to take this opportunity to clear up your issues.  Firstly, with regards to your unprofessional interaction, specifically within the Orange branch, as we discussed there was a phone conversation that took place with Barbara on a customer.  This conversation which I discussed with you and Barbara about is detailed below:

There was disagreement between yourself and Barbara over the telephone regarding whether either Barbara or her customer, Jonathan Buckens, had disclosed to you that his current home was pending sale.  Both Barbara and the customer were clear that this had not been communicated to you.  You said to Barbara that "she was taking the customers side of the issue because she has a personal relationship with the customer."

That quote above from you is completely unprofessional and unacceptable behavior.  After looking into this situation, Barbara, in fact, has no other relationship with this customer besides him being a customer.  In addition, the unprofessional behavior that we discussed within your written warning involved not only that incident but others that were specifically discussed earlier with you.  The negativity towards co-workers and the company that you discuss with others within the company, including myself cannot continue.  As Fleet's policy states in our Code of Ethics we are to treat each other, whether internal co-workers or outside customers with respect and professionalism.  Our policies are meant to ensure that our employees are working within a comfortable environment.  This conduct and comments that have been noted create a very uncomfortable and unproductive place to work.

In addition you state that Barbara had an issue with you regarding her own personal refinance.  I have looked into this and found that there is no ill feelings towards you which were an impact on any decisions the branch manager has made to end this relationship with you being the Loan Originator of this branch.

Please maintain a positive and professional relationship with all your co-workers, as this is necessary to continue your employment with the company.  If you have an issue with a co-worker, customer, or anyone at all, please bring it to my attention so that we can discuss the way to handle this to ensure the professional standards and policies of the company are being adhered to.

**FMG 00168**

(2)

Secondly, you mention that you do not feel as though your attendance is an issue. I have documented your absences below:

- ♦ Training in Seymour with Judith L. Marshall 11-2-99, 11-29-99
- ♦ Fleet One Training 9-24-99
- ♦ Floor Time 10-1- 99, 12-30-99
- ♦ Compass LX Training 6/22-6/23/99
- ♦ Compass LX Make-up Training 7/13/99-7/15/99
- ♦ Cohen Brown Training 12/17/98

Your attendance at all training, meetings, and floor time are imperative to ensure your success within your position. Therefore, your attendance must improve.

Thirdly, you responded to your application quality and timeliness. This is an issue. I will again, set time up for you to go through your issues with a trainer to help in this process. This will allow you to increase your understanding of the compass system so that your issues do not continue. However, please understand that this is a necessary skill to have within this job. I have allowed you to have extended training throughout the year to get up to the expected level of competency with regards to these procedures. The feedback I receive from the training group with regards to your understanding of the system is below expectations. As they have spent many hours with you individually the results of your understanding has been lacking. For example, duplication of loans on the system, missing fields i.e. details of transaction, assets, liabilities, employment, income, housing expense and liabilities.

With this response, the expectations remain as we discussed. All areas must improve. If immediate improvement is not met, further disciplinary action will be taken, up to and including termination.

I am looking forward to a turnaround in your performance.

Thank you for your cooperation. Let's take this opportunity to improve and work together to get you where you need to be on these above issues.

FMG 00169

Exhibit W

Paquin, Rachel R.

| | |
|---|---|
| **From:** | Ungerleider, Linda |
| **Sent:** | Thursday, April 20, 2000 10:32 AM |
| **To:** | Moran, Kevin A.; Moran, Kevin A. |
| **Cc:** | Paquin, Rachel R. |
| **Subject:** | opportunity for corrective performance response. April 20, 2000 |

**Importance:**    Low

Kevin:

1. Regarding the written warning april 10, 2000, my first day back from a two month disability leave please note the corrective response to some of your allegations. Regarding Mr. Buckens and the issue of him selling his home, not to mention his excitement about sharing his FSBO sale at the time of application; you will note the copy of the l003 application that I provided for you. This application which Mr. Buckens asked to fill out himself as he indicated "he has done so many times before" you should note that although he and Barbara say "he never told me that he sold his home" please note although I cannot prove the verbal conversation of FSBO, he, himself put in an S, explanation and selling price and market value in the Real Estate section of his application.

2. As far as my unacceptable behavior with my co-workers, The few reports that have been shared with me have been very positive from the co-workers of other branches and I am hoping that you will share copies of those negative reports you must be referring to. Ms. Russ, the Afro-Amer. branch manager obviously his happier with her Afro-Amer. Loan Officer. Let's leave it at that. I am aware of many change requests that you get from branch manager's wanting other lo's.

3. The reference to unprofessional discussions with you and other co-workers has only been when pushed against the wall in defense of my professional reputation and with the problems of servicing customers that have not been serviced appropriately; which still is one of our issues on the streets. Fortunately, when there is a good working relationship with the processor, as Ava, Frank, Chad, Mike and Steve; there was no need to communicate with you. As to our discussions, that is where your intimidation to me has to stop which is why I have asked for you to put all your issues in writing with me to avoid crying, trembling and any confrontations with you again.

4. Regarding Barbara Tartaglia's own personal refinance. You can believe what you want from her because in order for you to try to make a negative history of me that looks as to damage my professional character; I know that if necessary, the courts will see that her refinance of her investment when she did her own fleet one loan did not include 1.5 points as she boasted to me; therefore, this is fact not fiction. So be it.

5. Most importantly, I must current the dates of the "absences."

1. Judy Marshall plans her own schedule and sometimes she comes in and we already have mortgage application appointments; however, based on one of the tickets I have forwarded to Mr. Dodd for history of "electronically performance" it shows that on 11-2-99, a call was made to the help desk and I recall that Judy and I worked on our pretend loan in which there was a need for the pcanywhere set up.

2. Compass LX Training 6/22-6/23/99 and Compass Make Up Training 7/13/99-7/15/99 please note my discussion with Ebony from CORE disability this morning confirmed that I was out from 6/10/99 to 8/l/99 on disability therefore unable to attend those meetings per demand of Fleet to not go on Fleet location due to liability.

3. Cohen Brown Training on l2/l7/99, you can confirm with Dr. Siegfried Kra my stress test at 10Am and my application appointment with Rivkees, Yale on one Park Street Children's Hospital at 2:30

4. Floor time missed, two days in one year seems not critical. 10-1-99 missed floor duty I have however, which can be documented the fact that I wrote a request to not have that day as a floor time as I have the trip to Tufts University, Medford, MASS, Hamptom Inn. confirmation no. 84757683 and their phone 781-935-7666 for our son who will be attending this Univ. in Sept. Unfortunately, in trying to document so carefully since I am constantly under close scrutiny I am trying to find the copy left to Fran. For the one other warning date from the entire year, December 30th, before New Year's Eve 2000, I asked to not be put down for that day as I went with my parents, relatives and family and friends to our First Nite excursion to Phila. PA in which we left at noon the 30th. It is therefore possible I missed one day in l999.

5. Regarding Fleet One Training Missing. I know that there were two given, I must have gone to one of them as I passed the test and have the forms!!!!!

6. That leave Cohen Brown Training as a real issue then and I just can't recall or prove going back 3 years. Sorry.

7. Lastly, your reference to missing fields in the computer. I have documented from the Help Desk copies sent to the atty. and I am aware that you could call or get them as well if this was a fair review. Documents that show that when technology unable an lo to received credit merge, the folders of application you refer to do not enable therefore causing incomplete folders. I have been shown as of this week by a supervisor of the help desk, I believe it is Roger how to get around two of the enabled folders to handput but until this laptop is fixed as so many need to be, the problem will exist but I

1

also be concerned of the time is ... documented as to technical or operator.

I will however, always appreciate any additional help but it is not of any help to "pretend" to do loans. It has to be with an active loan in process therefore, the help desk is working out each time well.

You have yet to respond to the request to replace this loss of income upon my immediate return from disability and I have again requested that I have a similar volume branch preferably Fairfield and Rich Michley as we have worked very well together. If you are unable to replace income to me with a branch; you are then forcing me out of a job. Please respond asap as I have to make decisions to accommodate financial need to my family.

If you can find it worth your while to accommodate this and also you will need to correct you corrective interview regarding dates of missed works, training etc. then perhaps we can stop wasting production time, aggravation and get some sales. You also have not responded to Bill Chamberlin happily offering his empty space for me to have access to a copy machine and fax machine and file cabinet for supplies closer to my home which will be easier on my back and neck in transportation and mileage needs. My lap top will remain at home. I will also be able to use a Fleet phone as my husband indicated, our budget does not allow at this time now to pay for all fleet phone calls during the day. I try to call on my call phone after 8pm. whenever possible to not have to give you more evening costs as well.

Please respond before the holiday weekend.


Lin da Ungerleider
-77

Linda Ungerleider/Shelton
1-800-528-0745 ext. 3003

2

FMG 00334

Exhibit X

## INTEROFFICE MEMORANDUM

TO:     LINDA UNGERLEIDER

FROM:   KEVIN MORAN

SUBJECT: PERFORMANCE

DATE:   04/26/00

CC:      RACHEL PAQUIN

---

Regarding your memo dated 4/20/00; I would like to address the following points:

You indicate that Mr. Buckens the customer at the center of your dispute with Barbara Tartaglia provided a handwritten 1003 indicating his home was pending sale. I am not in receipt of this document. Please provide it to me for your file. I will need this immediately to review. However, I have spoken directly to Mr. Buckens on this issue and he has made it clear to me that he did not disclose to you that his home was pending sale. I also spoke with Barbara on this issue and she has insisted that there was nothing disclosed to you, that she was involved with, that his home was pending sale. As I stated, I will review this document. However, you need to understand that that is not the issue with regards to your formal counsel. The issue remains to be your conduct as we have already discussed.

Your comment in paragraph two of your memorandum is further evidence of your disregard for our company's policies. Reference to our "Afro-Amer branch manager " and loan officer is totally inappropriate. This could be perceived as a discriminative statement and in violation of our Code Ethics. All communication must be professional and free from personal commentary.

I have already referenced specific situations in the past where you have demonstrated antagonistic and unprofessional conduct in your relations with your co-workers in the Formal Counsel I provided to you on 4/10/2000.

I have verified the dates of your disability and acknowledge that you were on disability leave for the June and July Compass LX training sessions. The other dates referenced stand.

Your issues with Compass LX have been noted, however your explanation that incomplete applications are the result of technical issues is not valid. There are numerous workarounds available to complete applications with or without merging a credit report.

You have requested that I email or voice mail you regarding any additional issues I wish to discuss:

On 4/14/2000 you were directed to have no further business contact with the staff of the Orange branch. In spite of this you went to the branch on 4/17/2000 and again on 4/19/2000. On 4/17/2000 you had a conversation with someone in the branch that has been described as unprofessional. As this was in direct contradiction to what you were instructed, I would like to hear your version of events in my office. I will contact you with the specific date and time. At this meeting my intent is to resolve any open issues and determine your employment status.

FMG 00335

Certainly, as a customer of the Orange branch you have the ability to perform your customer privileges within the branch. However, you need to understand that you still represent Fleet as an employee while you are there as a customer. As a result, you are responsible for upholding all professional standards/policies as an employee.

You have requested an additional branch augmenting your assigned coverage outlined in my memorandum to you dated 4/14/2000. There will be no additional branches assigned to you at present. This change was made due to disciplinary action and Fleet Mortgage is under no obligation to replace this branch with a like one. Business conditions and staffing levels change from time to time and loan officers are subject to change of their branch assignments as Fleet Mortgage sees fit.

You have requested assistance in setting up an office in the Milford Green branch. Please specify what you require and I will contact our facilities group regarding your request.

Again, I will be in touch with you to schedule a date and time to discuss issues noted above.

2

**FMG 00336**

Exhibit Y

# INTEROFFICE MEMORANDUM

**TO:**     JOHN FRAZZA

**FROM:**   KEVIN MORAN

**SUBJECT:** LINDA UNGERLEIDER

**DATE:**   05/02/00

**CC:**

---

Chronology:

Linda meets with customer J. Buckens for application in early February. As Linda was on LOA most of the year I believe she must have originated loan between 2/2/00 and 2/8/00 when she was not LOA.

Problem with this loan leads to dispute with Barbara Tartaglia. Approximate date 3/1/00-3/2/00. Remember this dispute was over the phone, Linda was still LOA.

Barbara Tartaglia contacted me at this point to complain regarding Linda, approximately 3/1/00-3/2/00.

Near the end of March I spoke to Cindi Norris the branch manager of the Orange office and she requested Linda no longer cover the branch.

4/10/00 – Cindi Norris contacted me again reminding me that Linda was no longer covering the branch (this was Linda's first day back).

4/10/00 – Met with Linda regarding performance and informed her that she would no longer cover the branch.

4/11/00 – Cindi Norris contacted Linda and requested she return the key to the branch. Linda refused saying she had personal belongings in the branch.

4/17/00 – Went to branch despite instructions to the contrary, threatened to sue staff.

4/17/00 - Barbara Tartaglia contacted me to express her outrage at what she perceived to be Linda's threatening behavior.

4/17/00 – Jonathan Wood contacts me after Barbara calls him to complain. He directs Barbara to HR asks me to get the key back from Linda or he will have the locks in the branch changed.

4/18/00 – I asked her face to face to give me the key to the branch, she refused.

In between this I spoke to Cindi Norris and asked her to re-consider her request to no longer work with Linda. She did not wish to re-consider. Linda was informed of this decision. Linda also

FMG 00203

called and complained to Jon Wood the DM for the bank about this issue, he would not speak to her but contacted me to resolve.

4/19/00 Informed Linda to drop of the key in Shelton by the end of the day and not to go the branch without instructions from me.

4/20/00 – Linda goes to branch and removes her personal possessions without permission or consent from me, leaves the key at the branch.

I have done my best to re-construct the timeframes to the best of my recollection and from my notes.

2

FMG 00204

EXHIBIT 2
AFF. GAROFALO

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

---------------------------------------------------  X

LINDA UNGERLEIDER,                                   :
                                                     :
      Plaintiff                                :     **CIVIL ACTION NO.:**
                                                     :     **3:02CV659(AVC)**
    v.                                               :
                                                     :
                                                     :
**FLEET MORTGAGE GROUP OF**                          :
**FLEET BANK [sic],**                                :
                                                     :
      Defendant                                :     **NOVEMBER 10, 2003**
---------------------------------------------------  X

## AFFIDAVIT OF BEVERLY W. GAROFALO

       I, Beverly Garofalo, am over the age of eighteen (18) and understand the obligations of an oath.

1.    I have personal knowledge of the matters attested to herein, and participated in all of the depositions addressed below.

2.    I am counsel for Defendant Washington Mutual Bank FA, as successor in interest by operation of law to Washington Mutual Home Loans, Inc., the successor by merger to Fleet Mortgage Corporation ("FMG").

3.    Attached as Exhibit A is a true and accurate copy of relevant excerpts of the deposition of plaintiff Linda Ungerleider, hereinafter "Pl. Dep.," held on May 8, 2003 and July 14, 2003.

4.    Attached as Exhibit B is a true and accurate copy of relevant excerpts of the deposition of Kevin Moran, held on July 22, 2003 and September 4, 2003.

5.    Attached as Exhibit C is a true and accurate copy of relevant excerpts of the deposition of Joseph DellaPuca, Executive Director of Laurel Gardens, held on July 28, 2003.

6.    Attached as Exhibit D is a copy of CHRO Form 103 - Affidavit of Illegal Discrimination and Complaint Affidavit submitted by plaintiff and which is authenticated at Pl. Dep. at 345.

_Beverly W. [signature]_

Beverly Garofalo

Signed and sworn to before me
this 10th day of November 2003.

_[signature]_

Notary Public/
Commissioner of Superior Court

2

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
                                    \*    CIVIL ACTION NO.
LINDA UNGERLEIDER,                  \*    3:02CV659(AVC)
            PLAINTIFF,              \*
                                    \*
VS.                                 \*
                                    \*
FLEET MORTGAGE GROUP OF             \*
FLEET BANK (sic),                   \*
            DEFENDANT.              \*    **COPY**
                                    \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*


-----------------------------------------------
        DEPOSITION OF:  LINDA UNGERLEIDER
-----------------------------------------------


    Taken before Irene A. Janazzo, Registered
Professional Reporter, Lic./Reg. No. 00085, and
Notary Public in and for the State of Connecticut,
pursuant to the Federal Rules of Civil Procedure,
at the offices of Brown, Raysman, Millstein, Felder &
Steiner, LLP, 185 Asylum Street, Hartford,
Connecticut, on May 8, 2003, commencing at 10:10 a.m.


        BRANDON SMITH REPORTING SERVICE, LLC
            44 Capitol Avenue
            Hartford, CT   06106
            Tel:   (860) 549-1850
            Fax:   (860) 549-1537

d4b99268-03b9-477f-bc3a-f009df837d6a