UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------ X
LINDA UNGERLEIDER,                               :
                                                 : CIVIL ACTION NO.:
    Plaintiff                                    : 3:02CV659(AVC)
                                                 :
v.                                               :
                                                 :
FLEET MORTGAGE GROUP OF                          :
FLEET BANK [sic],                                :
                                                 :
    Defendant                                    : APRIL 2, 2004
------------------------------------------------ X

### DEFENDANT'S MOTION FOR SANCTIONS UNDER LOCAL RULE 56(a)(3)

In accordance with Local Rule 56(a)(3), defendant Washington Mutual Bank FA, as successor in interest by operation of law to Washington Mutual Home Loans, Inc., the successor by merger to Fleet Mortgage Corporation ("FMG"), hereby moves to sanction plaintiff due to her failure to comply with Local Rule 56(a)(2).

As can be seen from defendant's Reply to Part One of Plaintiff's 56(a)(2) Statement, attached as Exhibit A to defendant's Reply Memorandum (the "Reply"), plaintiff has not even attempted to comply with Local Rule 56(a)(2). Although plaintiff submitted a statement corresponding to FMG's Local Rule 56(a)(1) Statement in which she admitted, denied and/or pleaded insufficient knowledge as to each fact,[1] she did not include citations to affidavits nor admissible evidence to support any of her conclusory denials.

---

[1] Without regard to plaintiff's failure to comply with 56(a)(2), any facts that plaintiff has not expressly denied (i.e., those she had admitted or to which she claims to have "insufficient knowledge") must be deemed admitted for purposes of FMG's motion for summary judgment. The period for conducting discovery has closed and plaintiff has failed to adduce admissible evidence to dispute those facts.

**ORAL ARGUMENT IS NOT REQUESTED**

Local Rule 56(a)(2) and (3) provide in relevant part that:

[t]he papers opposing a motion for summary judgment shall include a document entitled "Local Rule 56(a)2 Statement," which states in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement whether each of the facts asserted by the moving party is admitted or denied. . . . [e]ach denial in an opponent's Local Rule 56(a)(2) Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial.

"The purpose of Rule 56 is to aid the court, by directing it to the material facts that the movant claims are undisputed and that the party opposing the motion claims are undisputed." Coger v. State of Connecticut, No. 3:98-CV-1593 (EBB), 2004 U.S. Dist. LEXIS 4293, *3 (D. Conn. March 2004). Without such a statement, "the court is left to dig through a voluminous record, searching for material issues of fact without the aid of the parties." Id. at *3 (quoting N.S. v. Stratford Bd. of Ed., 97 F. Supp. 2d 224, 227 (D. Conn. 2000)) (internal quotation marks omitted).

Local Rule 56(a)(3) specifically states that "failure to provide specific citations to evidence in the record as required by this Local Rule may result in sanctions, including . . . when the opponent fails to comply, an order granting the motion [for summary judgment]." Alternatively, some courts in this district have deemed those facts that were not denied in compliance with Rule 56 to be admitted. See Coger, 2004 U.S. Dist. LEXIS 4293 at *4; Sanchez v. The Univ. of Connecticut Health Care, 292 F. Supp. 2d 385, 390 (D. Conn. 2003) (submission of material facts without citation to competent witness's affidavit or other admissible evidence not in compliance with local rules; all facts set forth in defendants' Local Rule 56 Statement deemed admitted); Ozenne v. The Univ. of Connecticut Health Care, 292 F. Supp. 2d 425, 429 (D. Conn. 2003) (same); Tyson v. Willauer, 289 F. Supp. 2d 190 (same).

2

In this case, plaintiff, who obtained numerous extensions of time totaling a matter of months in which to file her Opposition, had more than ample opportunity to comply with Local Rule 56(a)(2) but has seemingly simply opted not to do so. FMG, therefore, respectfully requests that the Court grant its motion for summary judgment. Alternatively, FMG requests that every statement of material fact contained in FMG's Local Rule 56(a)(1) Statement be deemed undisputed. Under either scenario, summary judgment should enter for defendant.[2]

        THE DEFENDANT
        WASHINGTON MUTUAL BANK, FA as
        successor in interest by operation of law to
        Washington Mutual Home Loans, Inc., the
        successor by merger to Fleet Mortgage Corporation

By: _____
     Beverly W. Garofalo (ct11439)
     Brown Raysman Millstein Felder
      & Steiner, LLP
     CityPlace II, 10th Floor
     185 Asylum Street
     Hartford, CT 06103
     (860) 275-6400

---

[2] It would be inequitable to give plaintiff another opportunity to comply given her utter failure to comply in the first instance. Moreover, a review of Exhibit A to the Reply makes clear that even plaintiff's conclusory denials fly in the face of uncontroverted evidence including, oftentimes, plaintiff's own sworn testimony or documents previously authenticated by plaintiff which she now purports to "deny."

3

## CERTIFICATION

This is to certify that on April 2, 2004, a true copy of the foregoing Motion for Sanctions Under Local Rule 56(a)(3) was sent via first-class mail, postage prepaid, to:

Ellen M. Telker, Esq.
564 Boston Post Road
Milford, CT  06460

*Beverly W. Garofalo*
Beverly W. Garofalo