UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LINDA UNGERLEIDER,  :
    PLAINTIFF

                               :

VS                               CIVIL ACTION NO.02CV659(AVC)

                               :

FLEET MORTGAGE GROUP OF
FLEET BANK,
    DEFENDANT  :  May 13, 2004

## OBJECTION TO MOTION FOR SANCTIONS

The plaintiff in the above entitled matter objects to the defendant's motion for sanctions for the following reasons:

1. Although the plaintiff did not provide specific citations to each denial of each paragraph of the defendant's 56a(1) statement, the second section, stating the disputed facts has citations. Thus, while the defendant wants the court to believe that plaintiff was an unsatisfactory employee, plaintiff provides evidence of numerous awards, congratulatory letters and superior performance appraisals. While defendant insists that it accommodated plaintiff, she provides documentation that all her requests were denied or not acted upon.

Defendant's contention that plaintiff could do her work without a desktop PC is

counteracted by the e-mail submitted by plaintiff saying that applications must be taken on the computer. Therefore, the situation in the present case is not like that in Coger v. State of Conn., 2004 WL 547-563 F.Supp., March . 2004, in which plaintiff only admitted certain paragraphs and said the rest were denied. In the present case the court clearly has enough evidence to show that there are disputed issues of fact. Apparently there was not a second section of the 56(a)2 statement in that case.

2. It does not seem logical that the rule's framers would promote the manufacture of disputed facts. If it is necessary to provide documentation for each denial, one could simply go through the paragraphs and tailor the affidavit to provide documentation for denials. For example, in Paragraphs 22 and 43 defendant alleges that Moran told plaintiff something. If plaintiff must document a denial, should she state in her affidavit that he did not tell her? Is that sufficient to create a disputed fact? Another example is Paragraph 4. Defendant states that plaintiff and her supervisor "never" had a "friendly relationship". Can plaintiff create a dispute by giving an opinion in her affidavit that they "sometimes" had a "good working" or "friendly" relationship or take an isolated statement out of context from a 300-page deposition?

3. It should also be noted that defendant's counsel does not comply with the rule. When responding to the second part of plaintiff's 56a(2) statement, she does not merely admit or deny the facts alleged therein. She claims not to dispute the fact but then proceeds to comment on it or say that it should be stricken or various reasons amounting to its not being true. (See, for example, Paragraphs 19, 29 and 32.)

She attempts to be a witness, adding her own viewpoint of the facts.

Nowhere in the rule does it say that counsel can clarify, differentiate or knit pick about a fact.

4. It is in the court's discretion whether or not to grant sanctions. Defendant's counsel probably has more experience in federal court than plaintiff's, and if plaintiff's counsel inadvertently misunderstood the requirements of the rule, an injustice to her client will be wrought if the motion is granted. If citations are required, plaintiff's counsel would request a brief amount of time (say 1 week) to provide it.

For the foregoing reasons plaintiff's counsel respectfully requests that the motion for sanctions be denied.

 

        THE PLAINTIFF
        LINDA UNDERLEIDER

        BY: _____
        ELLEN M. TELKER
        564 Boston Post Road
        Milford, CT 06460
        Tel: 203-877-4108
        Fax: 203-878-2084
        Federal Bar No.CT10780
        HER ATTORNEY

## CERTIFICATION

This to certify that a copy of the foregoing was mailed via first class postage prepaid on this 14th day of May, 2004 to:

    Beverly W. Garofalo, Esq.
    Brown Raysman Millstein Felder & Steiner
    City Place II, 10th Floor
    Hartford, CT  06103

                              ELLEN M. TELKER