# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------------------------- X
LINDA UNGERLEIDER,                       :
                                         :   CIVIL ACTION NO.:
              Plaintiff                   :   3:02CV659(AVC)
                                         :
        v.                               :
                                         :
FLEET   MORTGAGE   GROUP   OF  :
FLEET BANK [sic],                        :
                                         :
              Defendant                   :   JUNE 1, 2004
------------------------------------------------- X
```

## DEFENDANT'S REPLY MEMORANDUM
### TO PLAINTIFF'S OPPOSITION TO MOTION FOR SANCTIONS
### UNDER LOCAL RULE 56(a)(3)

Defendant Washington Mutual Bank FA, as successor in interest by operation of law to Washington Mutual Home Loans, Inc., the successor by merger to Fleet Mortgage Corporation ("FMG"), hereby submits its Reply Memorandum to Plaintiff's Opposition to Motion for Sanctions Under Local Rule 56(a)(3) (the "Opposition") filed by plaintiff Linda Ungerleider. As set forth in its Motion for Sanctions, in light of Plaintiff's failure to comply with Local Rule 56(a)3, FMG respectfully moves this Court to grant its Motion for Summary Judgment in its entirety or, in the alternative, to deem each fact set forth in FMG's Local Rule 56(a)(1) Statement to be admitted. In either event, summary judgment should be granted for FMG.

As set forth in its Motion for Sanctions, in complete disregard of the requirements of Local Rule 56(a)3, plaintiff did not provide specific citation to affidavits of witnesses competent to testify nor to evidence that would be admissible at trial to support her denials of approximately

thirty statements contained in FMG's Local Rule 56(a)(1), Statement[1] submitted in conjunction

with its Motion for Summary Judgment.  In her Opposition, plaintiff has offered no excuse for

her failure to comply with Local Rule 56(a)3 other than perhaps, by implication, that she was not

familiar with or otherwise misunderstood the requirements of this Local Rule.  However,

counsel's purported lack of familiarity with federal procedure should not excuse her

noncompliance.  Plaintiff's omission was not some minor technical oversight but, rather,

constituted material noncompliance with a substantive local rule.[2]

As for plaintiff's assertion on Page 2 of her Opposition that FMG has failed to comply

with applicable local rules, there is no corresponding local rule requiring a moving party to cite

to specific, admissible evidence in response to an opponent's Local Rule 56(a)2 Statement.

Further, far from acting as a witness in FMG's response to plaintiff's Local Rule 56(a)2

Statement as plaintiff claims, in each instance that FMG commented on one of plaintiff's

statement, it either sought to demonstrate that the "evidence" cited by plaintiff did not support

the alleged statement or cited to competent, admissible evidence showing that the "fact" was

inaccurate in some respect.

At page 3 of her Opposition, plaintiff belatedly seeks another opportunity to comply with

Local Rule 56(a)3 claiming that failure to do so would work an injustice to her client.  FMG is

merely seeking imposition of the sanction expressly provided for in Local Rule 56(a)3.

---

[1]    In its Statement, FMG inadvertently cited the Local Rule incorrectly as Local Rule 56(c)1 as opposed to
56(a)1.  The former rule was Local Rule 9(c)1.  However, FMG complied with Local Rule 56(a)1 in all substantive
respects.

[2]    This is not plaintiff's first failure to follow applicable federal or local rules.  For example, although
plaintiff's counsel certified that she sent copies of her Opposition to Motion for Sanctions and Response to Reply to
Memorandum of Law in Opposition to Motion for Summary Judgment to the undersigned, we have yet to receive
them.  A fax to her office requesting that she do so has yet to be answered.  Similarly, plaintiff did not serve
undersigned with her papers submitted in opposition to summary judgment until we notified her that we had never
received them.  Finally, plaintiff recently submitted a Response to Reply to Memorandum of Law in Opposition to
Motion for Summary Judgment without first seeking leave of the Court despite the absence of any rule permitting
the filing of same.

Numerous courts have seen fit to impose sanctions on parties due to their counsel's failure to comply with this Local Rule 56(a). See, e.g., cases cited in FMG's Motion for Sanctions under Local Rule 56(a)(3) at p.2.  Moreover, permitting plaintiff an opportunity to attempt to cure this material violation at this late date will be unduly prejudicial to FMG, which expended substantial time and resources preparing its Reply to Opposition to Motion for Summary Judgment based on plaintiff's noncomplying Local Rule 56(a)2 Statement.  In addition, allowing plaintiff more time would serve no purpose other than to further delay this case.  As is evident from FMG's Reply to Plaintiff's Local Rule 56(a)2 Statement, plaintiff would be hard-pressed to present competent, admissible evidence to demonstrate the existence of an issue of material fact sufficient to defeat summary judgment.[3]

Accordingly, for the reasons set forth above and in FMG's Motion for Sanctions, FMG respectfully requests this Court to grant its Motion for Summary Judgment, as expressly provided for as an available sanction in Local Rule 56(a)3 or, in the alternative, deem each and every statement contained in FMG's Local Rule 56(a)1 Statement to be admitted.  In either event, summary judgment for FMG is warranted.

---

[3]     In many instances, plaintiff has purported to deny facts that were derived directly from plaintiff's own testimony and/or documents that have been authenticated, many of which by plaintiff herself.  See, e.g., ¶¶4, 5, 6, 11, 13, 14, 15, 18, 23, 25, 29, 32, 50, 53, 54, 58, 60, 61, 66, 67, 88, 89, 92.

THE DEFENDANT
WASHINGTON MUTUAL BANK, FA as
successor in interest by operation of law to
Washington Mutual Home Loans, Inc., the
successor by merger to Fleet Mortgage Corporation


By: _____
Beverly W. Garofalo (ct 1439)
Brown Raysman Millstein Felder
 & Steiner, LLP
CityPlace II, 10th Floor
185 Asylum Street
Hartford, CT  06103
(860) 275.6400



## CERTIFICATION

This is to certify that on June 1, 2004, a true copy of the foregoing Reply Memorandum
was sent via first-class mail, postage prepaid, to:


Ellen M. Telker, Esq.
564 Boston Post Road
Milford, CT  06460


_____
Beverly W. Garofalo