UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 AUG 23 P 3: 15

LINDA UNGERLEIDER,
PLAINTIFF

V.

CIVIL ACTION NO:
3:02cv659(AVC)

FLEET MORTGAGE GROUP OF
FLEET BANK,
DEFENDANT

August 18, 2005

## MOTION TO APPEAL DECISION TO GRANT BILL OF COSTS FEES TO FLEET MORTGAGE

The Attorney representing my case, Ellen Telker, Esquire did not respond to the Defendant's Motion for Bill of Costs filed June 17, 2005. She took my case on "Contingency" with no contract or fee schedule arrangement. Court costs and fees were never discussed with me. I had no knowledge of these fees. My experience with the CHRO was without fee. I assumed the same, with a naïve assumption that people have some type of legal process at no cost through our Courts. That a citizen pays their Attorney or there is Pro Bono. I was never informed of these excessive fees. I again, beg to remind this Court that I only proceeded to the US District Court because I was told that my case had "merit" and that procedure after the CHRO was the US District Court. Had the CHRO investigated and concluded a no merit conclusion and dropped my claims at initial application; I would not have proceeded.

1

Mr. Gary Phelan, Esq. informed me of his fees. I contracted with him with a cap; however, when Mr. Phelan's bills starting coming to us with expenses that were higher than our take home income, we were forced to remove him from the case.

My Attorney, Ellen Telker was excited about the case; however, as it turned out, was inexperienced in this type of law even as your Honor, stated, on the last page of the Summary Judgment that there were "many errors."

In addition, Ms. Telker was financially unable to depose all the necessary witnesses listed and sent to this Court such as my colleagues, supervisors and other key FMG employees to "support" my claims.
In fact, the two depositions, of the supervisors that alleged claims against me, went unpaid and the company had to file a small claims suit against Ms. Telker.

Exhibit attached marked (A) which is from the Brandon Court Reporting Services please note midway on the page, Brandon indicates that they "sent numerous bills and phone calls but were not paid." I called Mr. Brandon who referred me to his Attorney and asked if I could make monthly payments if they would agree to remove the lawsuit against Ms. Telker. I had no obligation to do this.

I attempted to find other Counsel and the result was being told that "I already had legal Counsel" without even an opportunity to discuss the claims. I attempted to find Court reporting service companies; but apparently not getting paid for doing depositions was an issue.

2

I was financially prohibited from the opportunity to depose those witnesses that I needed to support my claims.

Therefore, would your Honor reconsider your ruling, recognizing, that there is a possibility that had I had the financial ability to depose all key witnesses as listed; perhaps your decision might have been different and in fairness of this reconsideration reverse the grant for me to be further burdened to pay for FMG's Bill of Costs.

In Fact, Fleet did not submit to your Court all the documents that they submitted to The CHRO from their Senior Counselor, Mr. Bert Ware. I believe that I was told by Mr. Phelan that all records were to be submitted to you. I attempted to have Mr. Ware's Documents sent as "new evidence" after learning that Ms. Telker did not include Documents originating from FMG and supportive case studies in the appeals process

I was denied the opportunity to get this submitted to you as I was told by the clerk that All evidence had to be included at the first level. The FMG documents should Have been sent to you by FMG anyways. These FMG documents that you did not Have the opportunity to review, created contradictory testimony and statements Made by FMG.

I confirmed with the CHRO that all the documents should have gone to you. Because of this blatant action, would you please consider, your Honor, that possibly having the full record might have had a different summary judgment. Perhaps, the CHRO's Finding that my same claims have merit was because they had the full record.

3

Furthermore, for your reconsideration, Ms. Garafalo denied Ms. Telker's request for discovery on each and every Request. I learned after your ruling that Ms. Telker should have filed a "Motion to Compel Discovery" but her apparent lack of experience is evident as she was not familiar with this Motion.

Ms. Garafalo stated that the request for discovery of a Mortgage application for a particular customer discussed in my claim as "Mr. Buckens", was "burdensome, arbitrary and arduous." Yet, when I was asked to be a witness for FMG, on their behalf, regarding another customer, the mortgage application for that customer, became easily available from FMG's archives.

Just in this one particular example of the lack of cooperation given to Ms. Telker who worked arduously to obtain necessary discovery, would your Honor, kindly reconsider and reverse the recent grant of Bill of Costs.

In summary, a Motion to Compel Discovery was not filed. Depositions of key witnesses to support my claims were financially prohibited. FMG intentionally and against procedures, left out FMG documents that were part of the discovery to the CHRO. I retained a fine Attorney, but one that had serious and obvious limitations dealing with this huge and complicated case. Would then, your Honor, please consider reversing your decision to grant FMG relief of their Bill of Costs.

4

Respectfully submitted,

Linda Ungerleider
12 Baldwin Street
West Haven, CT 06516
203-231-3002

cc: Beverly Garafalo, Esquire