UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LINDA UNGERLEIDER,
PLAINTIFF

2005 SEP 14 P 4: 09

V.

CIVIL ACTION NO.
3:02cv659(AVE)

FLEET MORTGAGE GROUP OF
FLEET BANK,
DEFENDANT

## REQUEST FOR CLERK TO RELIEVE PLAINTIFF OF DEFENDANT'S BILL OF COSTS

According to Rule 4(b) of the Local Rules, Defendant is in default and did not properly service Pro Se Plaintiff for the "Motion for Bill of Costs" or "Renew of Bill of Costs." Therefore, Plaintiff was unable to file response in a timely manner. Most notably, the Plaintiff was denied "Assistance of Counsel" from this Court and the Appeals Court without ever being asked to provide financial situation. Plaintiff's former Counselor made "several errors" according to Summary Statement Ruling, last

page, first sentence; as well as unintentionally, but with negligence, left out the most critical documents of the case that were discovered at the CHRO claims process.

It is believed that these documents that the CHRO were privie to review, most probably, were the reasons that the CHRO found the Plaintiff's case to have merit.

The Plaintiff and her former Attorney were financially restricted to depose all necessary key witnesses including peers, former supervisors of Fleet and others; therefore, making the probability that Fleet was granted on their behalf due to default.

The Plaintiff has not been able to receive due process due to financial restrictions and

all citizens of this Country are suppose to have the same freedoms and privileges in the Court system.

In addition, Plaintiff was not notified that a "Joe Traester" and a "Joseph Dellepucca" were being deposed and based on their statements, it is obvious that they were confused by their memory of who Plaintiff was.

Mr. Traester indicated in his deposition "he went through so many Loan officers, he forgot about them" and he had Plaintiff confused with a "Charlene." He fired her. Had Plaintiff been notified and at the deposition, he would have remembered Plaintiff and Plaintiff left on very good terms with him on her own from New Haven Savings Bank (New Alliance Bank).

The Bill of Costs should be denied because Plaintiff was not provided with Assistance of Counsel even when she explained that her blind Attorney was finding it difficult to proceed without assistance with the volumn of the case.

The Bill of Costs should be denied because the Plaintiff was not given notice by the Defendant of their Motions for Bill of Costs and two depositions.

Respectfully submitted,

Linda Ungerleider
12 Baldwin Street
West Haven, CT  06516

Cc: Beverly Garafalo, Esquire