UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| LINDA UNGERLEIDER, | : |
| | : CIVIL ACTION NO.: |
| Plaintiff | : 3:02CV659(AVC) |
| | : |
| v. | : |
| | : |
| FLEET MORTGAGE GROUP OF FLEET BANK [sic], | : |
| | : |
| Defendant | : OCTOBER 5, 2005 |

---

## OPPOSITION TO PLAINTIFF'S REQUEST FOR CLERK TO RELIEVE PLAINTIFF OF DEFENDANT'S BILL OF COSTS

Defendant Washington Mutual Bank FA, as successor in interest by operation of law to Washington Mutual Home Loans, Inc., the successor by merger to Fleet Mortgage Corporation ("FMG"), hereby opposes plaintiff's Linda Ungerleider's Request for Clerk to Relieve Plaintiff of Defendant's Bill of Costs (the "Request").

### I. BACKGROUND

On August 12, 2005, this Court granted FMG's Motion for Summary Judgment and thereafter entered judgment for FMG. FMG filed its Bill of Costs on September 3, 2005. On January 19, 2005, the Court denied FMG's Bill of Costs without prejudice to renewal after the disposition of plaintiff's appeal. On April 15, 2005, the United States Court of Appeals for the Second Circuit dismissed plaintiff's appeal on the basis that she had failed to show the appeal had "likely merit" and failed to raise any "non-frivolous issues." Thereafter, FMG filed its Motion to Renew Bill of Costs pursuant to Rule 54(d). Plaintiff now requests that FMG's Bill of Costs be denied. However, the reasons cited in her Request are either false or do not provide a valid basis for denying FMG's Bill of Costs.

## II. LEGAL ARGUMENT

"Because Rule 54(d) allows costs 'as of course,' such an award against the losing party is the normal rule obtaining in civil litigation, not an exception." *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001), *citing Mercy v. County of Suffolk*, 748 F.2d 52, 54 (2d Cir. 1984). For this reason, the losing party has the burden to show that costs should not be imposed. *Whitfield*, 241 at 270. The losing party may demonstrate that costs are inappropriate, for example, because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the indigence of the losing party, although indigence does not automatically preclude an award of costs. *Id.*

Plaintiff fails to meet her burden of demonstrating why costs should not be imposed. Plaintiff has not presented any evidence as to why her financial condition would warrant exemption from the taxation of costs, let alone that she is indigent. This case neither presented complicated issues of law and was not of any exceptional public importance. Plaintiff has not even attempted to dispute the necessity and reasonableness of the expenses presented in the Bill of Costs to the disposition of this matter in FMG's favor.

Plaintiff does, however, make a feeble attempt to show impropriety on FMG's part by claiming FMG did not mail her a copy of the renewed "Motion for Bill or Costs" and failed to inform her of the depositions of two third party witnesses, Joseph Traester and Joseph Dellapucca.[1] These assertions are patently false. FMG certified that it mailed the Motion to Renew Bill of Costs to plaintiff and has no reason to believe that it did not do so. In fact, plaintiff responded to this very Motion in both this Request and her August 23, 2005 Motion for Reconsideration of Endorsement Order, so it appears plaintiff must have received a copy.

---

[1] Mr. Dellapucca was deposed pursuant to Fed. R. Civ. P. 30(b)(6) in his capacity as a representative of Laurel Gardens, a care facility where plaintiff worked after plaintiff resigned her employment with FMG.

Moreover, plaintiff, through her counsel of record, Ellen Telker, not only received notice of the depositions of Mr. Traester and Mr. Dellapucca, but her counsel attended both depositions and cross-examined the witnesses. These faulty assertions do not provide valid cause to deny FMG's Bill of Costs.

Plaintiff further suggests that she should be exempted from paying costs pursuant to Fed. R. Civ. P. 54(d) because she was denied the assistance of counsel. At no time during the litigation leading up to the grant of summary judgment in FMG's favor, however, was plaintiff without the assistance of counsel.[2] The fact that plaintiff filed an appeal *pro se* is irrelevant to FMG's Bill of Costs. Finally, plaintiff charges Attorney Telker of failing, "with negligence," to include in plaintiff's summary judgment opposition papers several documents that FMG had submitted to the Connecticut Commission on Human Rights and Opportunities ("CHRO") and that she and her counsel were "financially restricted" from setting forth plaintiff's entire case. Plaintiff's efforts to relitigate her failed summary judgment motion in opposition to FMG's Bill of Costs should not be countenanced. Indeed, plaintiff raised numerous arguments in papers submitted in connection with her appeal to the Second Circuit, including that the aforementioned documents should have been included, but the Court dismissed plaintiff's claims raised on appeal as having no merit.[3]

---

[2] Both Ellen Telker and Gary Phelan filed appearances on plaintiff's behalf. Neither withdrew from the case until after the summary judgment motion was granted.

[3] Plaintiff claims that the CHRO found merit in her claim because of these documents. Although it is of no consequence here, FMG would like to clarify on the record that there was not a finding by the CHRO that plaintiff's claims "had merit."

### III.  CONCLUSION

In light of the foregoing, FMG is entitled to all of the expenses set forth in the Bill of Costs, and respectfully requests that the Clerk enter an order granting costs in its favor.

                                    Respectfully submitted,

                                    THE DEFENDANT
                                    WASHINGTON MUTUAL BANK, FA as
                                    successor in interest by operation of law to
                                    Washington Mutual Home Loans, Inc., the
                                    successor by merger to Fleet Mortgage Corporation


                            By:  _____
                                    Beverly W. Garofalo (ct11439)
                                    Brown Raysman Millstein Felder
                                     & Steiner, LLP
                                    CityPlace II, 10th Floor
                                    185 Asylum Street
                                    Hartford, CT  06103
                                    (860) 275.6400

### CERTIFICATION

This is to certify that on October 5, 2005, a true copy of the foregoing Opposition to Plaintiff's Request for Clerk to Relieve Plaintiff of Defendant's Bill of Costs was sent via first-class mail, postage prepaid, to:

Linda Ungerleider
12 Baldwin Street
West Haven, CT  06516

                                    _____
                                    Beverly W. Garofalo

HARTFORD 127384v2