UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| LINDA UNGERLEIDER : | |
| : | |
| Vs. : | CASE NO. 3:02CV659(AVC) |
| : | |
| FLEET MORTGAGE GROUP OF FLEET BANK : | |

RULING ON DEFENDANT'S BILL OF COSTS

Judgment entered for the defendant on August 12, 2004, after a ruling entered granting the defendant's motion for summary judgment. Therefore, the defendant is the prevailing party in this case. On September 27, 2004, plaintiff filed a notice of appeal from the judgement. On June 2, 2005, a mandate was issued dismissing the appeal. On June 17, 2005, defendant filed a motion to renew bill of costs. On August 16, 2005, defendant's motion to renew bill of costs was granted. On August 23, 2005, plaintiff filed a motion for reconsideration. On August 26, 2005, plaintiff's motion for reconsideration was granted, however the requested relief was denied. For the reasons stated below, the defendant's bill of costs is granted in part and denied in part.

I. COURT REPORTER FEES: Pursuant to Local Rule 54(c)2(ii), the cost of an original and one copy of deposition transcripts are recoverable as costs, if used at trial in lieu of live testimony, for cross-examination or impeachment, if used in support of a successful motion for summary judgment, or if they are necessarily obtained in preparation of the case and not for the convenience of counsel. Defendant has submitted claims for court reporter's fees for the depositions of Linda Ungerleider taken on May 8, 2003, and July 14, 2003, in the amounts of $1,073.04 and $1349.38, respectively, Kevin Moran in the amount of $170.24, Joseph Traester in the amount of $335.26, Joseph Dellapuca in the amount of $269.27, James Burton in the amount of $214.70, and Barbara Tartaglio in the amount of $76.32. The claims are broken down individually as follows:

<u>Linda Ungerleider</u>: Defendant submit claims in the amount of $1073.04 and $1349.38 for depositions taken on May 8, 2003, and July 14, 2003, respectively.  These claims are allowed in the reduced amounts of $1064.56, eliminating the shipping and handling charge and reducing the sales tax to $60.26 ($1004.30  x .6% = $60.26), and $1340.90, eliminating the shipping and handling and livenote charges, and reducing the sales tax to $75.90 ($1265.  x .6% = $75.90).

<u>Kevin Moran</u>: Defendant submits a claim in the amount of $170.24 for the deposition transcript taken on September 4, 2003.  This claim is allowed in the reduced amount of $152.64, eliminating the shipping and handling charge and reducing the sales tax to $8.64 ($144. x .6% = $8.64).

<u>Joseph Traester</u>: Defendant submits a claim in the amount of $335.26 for the deposition transcript taken on July 21, 2003.  A review of court records does not reflect the deposition transcript was used in support of defendant's motion for summary judgment. This claim is denied without prejudice to renewal within ten days upon a showing that the transcript was used in support of defendant's motion for summary judgment.

<u>Joseph Dellapuca</u>: Defendant submits a claim in the amount of $269.27.  Although the deposition transcript was used in support of defendant's motion for summary judgment, no documentation was provided to support this amount; i.e. court reporter's attendance fee, number of pages to the transcript and page rate.  This claim is denied without prejudice to renewal within ten days upon submission of proper documentation.

<u>James Burton</u>: Defendant submits a claim in the amount of $214.70 for the deposition transcript taken on May 8, 2003.  A review of court records does not reflect the deposition transcript was used in support of defendant's motion for summary judgment.  This claim is denied without prejudice to renewal within ten days upon a showing that the transcript was used in support of defendant's motion for summary judgment.

<u>Barbara Trataglio</u>: Defendant submits a claim in the amount of $76.32 for the deposition transcript taken June 20, 2003.  A review of court records does not reflect the deposition transcript was used in support of defendant's motion for summary judgment. This claim is denied without prejudice to renewal within ten days upon a showing that the transcript was used in support of defendant's motion for summary judgment.

II. <u>Service of Subpoena</u>: Pursuant to Local Rule 54(c)1, service fees for depositions are taxable.  Defendant submits claims for service upon Laurel Gardens in the amount of $51.80 and Joseph Traester in the amount of $37.80.  These claims are denied without prejudice to renewal within ten days upon a showing that these were necessarily obtained for the preparation of the case and not for the convenience of counsel.  In addition, deposition transcripts are recoverable if used in support of a successful motion for summary judgment.  A review of court records does not reflect these were used in support of defendant's motion for summary judgment.

III.  <u>SUMMARY</u>: For the reasons previously stated, the defendant's bill of costs is allowed in the amount of $2558.10.

Pursuant to Local Rule 54(d), the parties may appeal this decision to the presiding judge within five days of the entry of this ruling.

Dated at Hartford, Connecticut, this 7th day of November,  2005.

KEVIN F. ROWE, Clerk

By:_____/s/lik_____
           Linda I. Kunofsky
           Deputy in Charge