UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------- X
LINDA UNGERLEIDER,                                 :
                                                    :  CIVIL ACTION NO.:
       Plaintiff                               :  3:02CV659(AVC)
                                                    :
v.                                                  :
                                                    :
FLEET MORTGAGE GROUP OF                            :
FLEET BANK [sic],                                   :
                                                    :
       Defendant                               :  NOVEMBER 21, 2005
---------------------------------------------------- X

### DEFENDANT'S REQUEST FOR RECONSIDERATION OF RULING ON DEFENDANT'S BILL OF COSTS

Pursuant to the Court's Ruling on Defendant's Bill of Costs, Defendant Washington Mutual Bank, FA as successor in interest by operation of law to Washington Mutual Home Loans, Inc., the successor by merger to Fleet Mortgage Corporation ("FMG"), seeks the Court's reconsideration of its partial denial of the costs detailed in FMG's Bill of Costs. In support of this request, FMG submits the following additional information relating to the costs.

Pursuant to 28 U.S.C. § 1920 and Local Rule 54(c)(2), the cost of an original and one copy of deposition transcripts are recoverable as costs, if, among other purposes, they are used in support of a successful motion for summary judgment or necessarily obtained in preparation of the case and not for the convenience of counsel. *See Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001), *citing Mercy v. County of Suffolk*, 748 F.2d 52, 54 (2d Cir. 1984). "Because Rule 54(d) allows costs 'as of course,' such an award against the losing party is the normal rule obtaining in civil litigation, not an exception." *Id.* All of the costs set forth in the Bill of Costs

that were not used in connection with FMG's Motion for Summary Judgment were necessarily obtained in preparation of the case. These costs are discussed in more detail below.

<u>Deposition of Joseph Dellapuca</u>: FMG submitted a claim in the amount of $269.27, which was denied without prejudice subject to submission of additional documentation of the costs. Documentation of the expense is attached hereto as Exhibit A.

<u>Deposition of Joseph Traester</u>: FMG submitted a claim in the amount of $335.26 in connection with obtaining deposition transcripts of the deposition of Mr. Traester and in the amount of $37.80 in connection with the service of a subpoena upon Mr. Traester to obtain his presence at the deposition. The Court denied these costs because Mr. Traester's deposition was not cited or referred to in support of FMG's successful Motion for Summary Judgment. Mr. Traester is a representative New Haven Savings Bank, one of the several employers for whom plaintiff worked after resigning her employment with FMG. In plaintiff's First Amended Complaint, plaintiff sought "all earnings she would have received … including but not limited to, wages, bonus, insurance, pension and other lost benefits." See Prayer for Relief, ¶ c. FMG, in turn, interposed an affirmative defense based upon plaintiff's failure to mitigate her damages. During the course of discovery, FMG learned that Plaintiff had held numerous positions following her resignation from FMG, including at New Haven Savings Bank, but that she had either been terminated or resigned from each such position. Moreover, although not the primary purpose, the deposition of Mr. Traester also supported FMG's claims that plaintiff's own conduct, not illegal discrimination, led to the imposition of disciplinary action that was the subject of her lawsuit against FMG. Had plaintiff's claims survived summary judgment, Mr. Traester's testimony would have been relied upon at trial to demonstrate that, even if plaintiff could establish a claim of constructive discharge, her damages were extremely limited. As such,

the costs associated with taking Mr. Traester's deposition were necessary to the defense of this action.

Deposition of James Burton: Mr. Burton is a representative of American Mortgage Services, where plaintiff worked following her resignation from FMG. FMG submitted a claim in the amount of $214.70 in connection with Mr. Burton's deposition, which was denied by the Court because the deposition was not used in connection with FMG's successful Motion for Summary Judgment. Just as with Mr. Traester, FMG conducted the deposition of Mr. Burton as a necessary expense in order to bolster its mitigation of damages defense posited in response to plaintiff's claim for back pay and front pay.

Deposition of Barbara Tartaglio: The plaintiff noticed the deposition of Ms. Tartaglio, a managerial employee at FMG, in connection with the prosecution of her case. FMG represented Ms. Tartaglio at the deposition and incurred costs of $76.32 for obtaining a copy of her transcript. FMG had to order the transcript in case plaintiff relied upon it in opposition to FMG's Motion for Summary Judgment and, therefore, it was necessary to FMG's defense in this matter.

Subpoena of a Representative of Laurel Gardens: FMG submitted a claim for service of a subpoena upon Laurel Gardens, another of plaintiff's subsequent employers, in the amount of $51.80. As with the depositions of other companies that employed plaintiff following her resignation from FMG, FMG conducted this deposition in order to obtain support for its mitigation of damages defense. This case was dismissed upon this Court's a finding that FMG was not liable as a matter of law on any of plaintiff's claims. However, had summary judgment been denied, the testimony of a representative from Laurel Gardens would have been directly relevant on the issue of what, if any, damages plaintiff would have been entitled to recover.

In conclusion, all of the costs outlined in FMG's Bill of Costs were necessary expenditures in order to defend against plaintiff's claims and her claims for damages. Wherefore, FMG respectfully requests that this Court reconsider its denial of the costs outlined above and grant FMG's Bill of Costs in its entirety.

> Respectfully submitted,
>
> THE DEFENDANT
> WASHINGTON MUTUAL BANK, FA as successor in interest by operation of law to Washington Mutual Home Loans, Inc., the successor by merger to Fleet Mortgage Corporation
>
> By:\_\_\_\_\_/s/_____
> Beverly W. Garofalo (ct11439)
> Kristi E. Mackin (ct
> Brown Raysman Millstein Felder
> & Steiner, LLP
> CityPlace II, 10th Floor
> 185 Asylum Street
> Hartford, CT 06103
> (860) 275-6400

## CERTIFICATION

This is to certify that on November 21, 2005, a true copy of the foregoing was sent via first-class mail, postage prepaid, to:

Linda Ungerleider
12 Baldwin Street
West Haven, CT 06516

> \_\_\_\_\_/s/_____
> Kristi E. Mackin

# EXHIBIT A

# Brandon Smith Reporting Service, LLC

**Invoice**

44 Capitol Avenue
Suite 203
Hartford, CT 06106
Phone: (860) 549-1850    Fax: (860) 549-1537

| Invoice Date | Invoice # |
|---|---|
| Wednesday, August 06, 2003 | 5633BL |

Attn: Nicole
Beverly Garofalo
Brown Raysman Millstein Felder & Steiner
185 Asylum St., 10th Floor
Hartford, CT 06103

Phone: (860) 275-6400    Fax: 860-275-6410

| | |
|---|---|
| Witness: | Person Most Knowledgeable |
| Case: | Ungerleider vs Fleet Mortgage |
| Venue: | |
| Case #: | |
| Date: | 7/28/2003 |
| Start Time: | 3:00 PM |
| End Time: | :0 |
| Reporter: | Jayne Ciccotelli |
| Claim #: | |
| File #: | 7396ss |

| Description | Quan | Total |
|---|---|---|
| Original and One | 32 | $126.40 |
| Appearance | 1 | $80.00 |
| Shipping and Handling | 1 | $8.00 |
| 6% sales tax | 1 | $12.86 |
| | Sub Total | $227.26 |
| | Payments | $227.26 |
| | Balance Due | $0.00 |

Fed. I.D. # 06-1448549
*We accept Visa, Mastercard and American Express!*